# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS E. OTT, JR,

        Plaintiff,

v.                                           Case No. 14-CV-556

H & M HENNES & MAURITZ LP,

        Defendant.

## ORDER

A jury trial is scheduled to commence on February 2, 2016, regarding plaintiff Thomas E. Ott, Jr.'s claim that defendant H & M Hennes & Mauritz LP violated the Americans with Disabilities Act when it failed to provide Ott, a former employee, with a sign language interpreter during a September 19, 2011 confrontation with managers. Currently before the court is Ott's motion in limine to exclude evidence of his disciplinary history and performance reviews. (ECF No. 41.)

As noted in this court's decision regarding H&M's motion for summary judgment, *Ott v. H & M Hennes & Mauritz, LP*, 2015 U.S. Dist. LEXIS 143832 (E.D. Wis. Oct. 22, 2015), during his employment with H&M, Ott on several occasions was subjected to discipline. Because H&M's position is that Ott quit and was not fired, his

disciplinary history and performance evaluations, according to Ott, have no bearing on the issue of whether he requested a sign language interpreter during the September 19 confrontation. (ECF No. 42 at 1-2.) He argues that H&M wants to introduce evidence of his past disciplinary record simply to make him look bad in the eyes of the jury. (ECF No. 52 at 3.)

H&M states that it does not seek to introduce Ott's disciplinary history to show that he was a substandard employee; it concedes that the evidence is irrelevant for that purpose. (ECF No. 50 at 5.) Instead, it argues that Ott's disciplinary history is relevant "to attack the credibility of Plaintiff's version of events." (Docket No. 50 at 5.) Specifically, H&M argues that it "should be permitted to introduce prior disciplinary actions and performance reviews as rebuttal evidence to Plaintiff's assertions that he requested an interpreter on September 19, and to demonstrate that H&M's managers did not act maliciously in their purported refusal to provide an interpreter." (ECF No. 50 at 1-2.)

In resolving this motion, it is helpful to note the questions that the jury will likely be required to resolve. The primary question that the jury will be tasked with resolving is whether Ott requested a sign language interpreter during the September 19 confrontation. Only if the jury answers this question in the affirmative will it be necessary for the jury to then assess whether the request for an interpreter was reasonable, whether Ott suffered damages as a result of H&M's failure to provide an

interpreter, and, depending upon the evidence adduced at trial, whether H&M's refusal to provide an interpreter was done maliciously. There is no dispute that H&M's managers *believed* that Ott said he quit, although there may be a dispute as to whether the managers simply misunderstood what Ott said, a misunderstanding that Ott says could have been avoided had a sign language interpreter been provided.

Neither Ott nor H&M directs the court's attention to any specific instance when Ott was disciplined and explains why it is or is not relevant to an issue before the jury. Each side seems to take an all-or-nothing position. H&M wants the entire disciplinary record in while Ott wants the entire record excluded. The court is not persuaded, based upon the record before it, that either party is correct.

The court can conceive of a myriad of routine disciplinary actions that would not be relevant for any of the reasons offered by H&M. However, the court also can conceive of circumstances under which evidence related to disciplinary incidents might be relevant. For example, if a prior disciplinary incident involved or led to a confrontation with management similar to the one on September 19, it would be relevant whether Ott requested an interpreter or some other accommodation on that occasion. Or if H&M addressed a violation of corporate policies by Ott by making some other accommodation to enable him to meet H&M's expectations (for example, by scheduling him only for afternoon shifts when he reported having difficulty waking up to his alarm clock), such information may be probative of whether H&M would have

3

been likely to provide an interpreter had Ott requested one as well as whether any unlawful denial of an interpreter was done maliciously.

In short, Ott's motion in limine is granted in part. Absent an agreement between the parties, H&M's introduction of evidence that Ott was disciplined must be preceded by a proffer, outside the presence of the jury, as to how each instance is relevant to an issue before the jury. Therefore, preferably in advance of trial, but at a minimum prior to the examination of the relevant witness, H&M must proffer any disciplinary evidence it may seek to introduce and permit the court the opportunity to rule on its admissibility.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 20th day of January, 2016.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge